SECOND DISTRICT—AUGUST, 1917.     423

Reinforced Concrete Pipe Co. v. City of Momence, 208 Ill. App. 423.

## Reinforced Concrete Pipe Company et al., Defendants in Error, v. City of Momence, Plaintiff in Error.

### Gen. No. 6,420.   (Not to be reported in full.)

Error to the Circuit Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed August 7, 1917.

### Statement of the Case.

Bill by Reinforced Concrete Pipe Company and others, complainants, against City of Momence, defendant, to establish certain mechanics' liens for materials furnished for the construction of a certain sewer system for defendant to the original contractor for the work. From a decree giving such liens to the extent of the funds remaining in the defendant's hands subject to lien, defendant brings error.

In ascertaining the total contract price for which the city was liable, the court added to the original contract price $5,500, which the board of local improvements had allowed to the contractors on account of extra excavation of rock. The city contended that this allowance by the board of local improvements was unlawful and should not be charged against the city or added to the contract price, because the contractors were bound to do the work for the contract price. In the instructions to bidders the city stated the rock excavation at 3,500 yards, and stated that these quotations were approximate only and that the board of local improvements reserved the right to increase the same as might be deemed necessary. In the bid of the contractors, and upon which the contract was based, they bid for extra excavation $1.50 per cubic yard. The proof showed that much extra rock was encountered and that it was hard and flinty, and that there were 4,700 cubic yards of rock excavated by the con-

tractors in addition to the 3,500 yards named in the instructions to bidders. The contractors applied to the board of local improvements for an allowance therefor, and the city engineer made an estimate of this extra excavation of rock and certified to the board that the contractors were entitled to $5,250 for 3,500 cubic yards of rock at $1.50 per cubic yard, to $150 for change in construction of traps, and to $100 for hauling dirt, a total of $5,500, and a meeting of the board was held and it allowed $5,500 to the contractors for said extras, and the city afterwards paid it.

EDWARD P. HARNEY, for plaintiff in error.

SEARS & SOLFISBURG, H. M. KELLY, C. M. CLAY BUN-TAIN, GOWER, HOBBIE & PARISH and WALTER J. NOURIE, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 402*—*when allowance to contractor and payment by city for extra work is in accordance with contract.* The allowance by a city to the contractor for certain work of a certain sum on account of extras and payment thereof by defendant, *held* to be in accordance with the contract.

2. MUNICIPAL CORPORATIONS, § 407*—*when vouchers for public improvements are illegally issued.* Vouchers issued by a city to a contractor for certain public improvements to the amount of $3,528, and not made payable out of the first instalment of the assessment levied for the work, *held* to be unlawful under the statute authorizing vouchers to be issued under certain circumstances only out of such first instalments, and only in sums of $100 or multiples thereof, and such amount should be considered as still in the hands of the city, in a suit to establish mechanics' liens as to such work upon the money, bonds and warrants due or to become due the contractor from the city.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MUNICIPAL CORPORATIONS—*when money decree against city in favor of materialman is proper.* In a suit to establish mechanics' liens against the money, bonds and warrants due or to become due the contractor from a city for materials furnished for certain work contracted by the city to be done, *held* that a money decree was proper where the bonds issued on account of the work had all been sold and the money was or should have been in the hands of the city, notwithstanding the bonds were to be issued against the several instalments of the assessments levied for the work and were payable therefrom.